IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN ALEXANDER WAGNER, # 371-133 | * |
| Plaintiff, | * |
| v | *   Civil Action No. ELH-14-791 |
| WARDEN, et al | * |
| Defendants. | * |

**MEMORANDUM**

John Alexander Wagner, the self-represented plaintiff, is an inmate currently incarcerated at the North Branch Correctional Institution ("NBCI") in Maryland. He has filed a civil rights suit against multiple defendants. Presently pending are his motion for a preliminary injunction (ECF 28); motion for polygraph tests (ECF 30); motion to review NCBI housing unit videotapes; motion for reconsideration (ECF 31); motion for reconsideration (ECF 32); motion for leave to file an amended complaint (ECF 33); and motion to amend (ECF 34). Each motion is discussed below.

**A. Motion for Preliminary Injunction**

Wagner seeks a preliminary injunction "as a result of not receiving adequate medical treatment." (ECF 28, p. 3). In support of his request for emergency injunctive relief, he claims that he "has suffered and continues to suffer serious mental injuries, lost [sic] of everyday normal activity function, i.e. exercising, sleeping, 'peacefully,' walking, standing, sitting, showering, reading, writing, even utilizing the toilet." (ECF 28, pp. 3-4). He also claims that he is in acute pain, has no full range of motion in his left leg or back, and his thumb and toe bone are improperly healing. As relief, he requests an order to compel prison medical providers to

perform "their duties," to provide him with an "outside" visit to a neurologist, orthopedist and optometrist, to order wrist and hand braces and a cane, and to prescribe adequate muscle and pain medication. (ECF 28-1 at 5).

For preliminary injunctive relief to be granted, a plaintiff must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 19 (2008). All four requirements must be satisfied. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). A plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

Wagner's allegations indicate he is uncomfortable and disagrees with the medical care he has received. He does not show the likelihood of suffering irreparable harm absent preliminary relief, nor that an injunction is in the public interest. Further, he does not provide sufficient information to show the likelihood of succeeding on the merits or that the balance of equities is in his favor. The court takes notice, too, that Wagner's earlier stated claims of inadequate medical care are proceeding in this matter. (ECF 17). In sum, Wagner has not satisfied the

requirements for issuance of the extraordinary remedy of preliminary injunctive relief and his motion (ECF No. 28) will be denied.

### B. Motion for Polygraph

Wagner asks the court to order each defendant to take a polygraph test. (ECF 30). Plaintiff's motion calls into question Local Rule 104.4. (D. Md. 2014), which states that unless ordered by the court or required by Fed. R. Civ. P. 26(f), discovery does not begin until a scheduling order is entered in a case.  At this early stage of the proceeding, the parties have not agreed to discovery nor has a decision concerning a scheduling order been made. Accordingly this motion will be denied.

### C. Motion to Immediately Review NBCI Housing Unit

Wagner asks for a "preliminary motion for court ordered [sic] to immediately review" NBCI Housing Unit 1 video and/or surveillance recordings to support his claims of excessive force.  (ECF 31). He also requests copies of various Division of Correction Directives and copies of his adjustment history records. *See id*. As defendants have yet to file their response to the complaint, this motion will be denied, without prejudice, as premature.  Plaintiff is reminded that defendants are required to provide him with copies of all exhibits they submit to the court with their response.

### D. Motion for Reconsideration

Wagner's motion for reconsideration (ECF 32) appears to request reconsideration of the court's Order of May 9, 2014 (ECF 10), denying Wagner's first motion for preliminary injunctive relief. *See also* ECF 9 (Memorandum). A motion to reconsider a judgment may be construed as a motion to alter or amend under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). A motion to alter or amend filed within

28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed.R.Civ.P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992).  Wagner's motion for reconsideration was filed on July 18, 2014, which is more than twenty-eight days after preliminary injunctive relief was denied.  Thus, the motion will be considered under Rule 60(b).

For relief under Rule 60(b), plaintiff must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co*., 993 F.2d 46, 48 (4th Cir. 1993). Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reasons that justify relief. *See Aikens*, 652 F.3d at 500 & n. 3.

Wagner reiterates his factual allegations and expresses disagreement with the court's decision.  But, he provides no grounds under Rule 60(b) for reconsideration of the order denying preliminary injunctive relief.  Consequently, the motion for reconsideration (ECF 32) will be denied.

### E.  Motion for Leave to File an Amended Complaint

In this motion, Wagner requests: 1) dismissing Corporal Toby W. Tasker as a defendant; and 2) adding Kristy Cortez; Lieutenant William K. Gillium; Lieutenant Bradley Wilt; Sergeant Justin Gordon; Christopher Preston; Nurse Autumn Durst; Janice Gilmore; and William Beeman as defendants (ECF 33).  Additionally, he states his intention to name J. Michael Stouffer; Leroy A. Conrad, III; Brandon Self; and John S. Beachy as defendants.  *See id*.

The court will grant Wagner's motion to dismiss Corporal Toby W. Tasker as a defendant.  Leroy A. Conrad, III; Brandon Self; John S. Beachy; and William K. Gillium, are already named defendants in this proceeding.  The name of defendant "Cristy Cortz" will be corrected on the docket as "Kristy Cortez."  Additionally, Wagner has already named "Sgt. Gordon" as a defendant and his name will be corrected on the docket as "Sergeant Justin Gordon." Wagner's request to add Lieutenant Bradley Wilt; Christopher Preston; Nurse Autumn Durst; Janice Gilmore; William Beeman; and J. Michael Stouffer as defendants will be granted.  Plaintiff will be sent a copy of the docket sheet to assist him in identifying defendants in this case.

### F.  Motion to Amend

This Motion repeats Wagner's request to dismiss Correction Officer Toby Tasker.  Wagner also asks that Tasker take a polygraph test regarding Wagner's character. (ECF 34).  In light of the above, this motion will be dismissed, as moot.

A separate Order follows.

Date:  July 23, 2014

_____/s/_____
Ellen Lipton Hollander
United States District Judge