IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN ALEXANDER WAGNER, # 371-133 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. ELH-14-791 |
| | * | |
| WARDEN, et al., | * | |
| | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM**

John Alexander Wagner has filed a motion to alter or amend judgment, pursuant to Fed. R. Civ. P. Rule 59(e) (ECF 141), asking this court to reconsider its Memorandum Opinion and Order of March 8, 2016 (ECF 139; ECF 140).

**PROCEDURAL HISTORY**

By Order of March 8, 2016, I granted in part and denied in part the Medical Defendants' motion for summary judgment. ECF 140. In particular, I denied the Medical Defendants' motion for summary judgment (ECF 105), solely as to the claim that Wagner was denied a decontamination shower by Kristi Cortez, R.N., after a use of force incident on December 31, 2013. Additionally, I granted in part and denied in part the State Defendants' Motion for Summary Judgment (ECF 118). The State Defendants' motion for summary judgment was generally granted, except as to the claim that Wagner was denied a decontamination shower after the incident on December 31, 2013. And, I denied Wagner's motion for partial summary judgment (ECF 134), except as to Wagner's claim that he was denied a decontamination shower on December 31, 2013, because ruling on that claim was premature. The State Defendants and Kristi Cortez were granted twenty-eight days to respond to the decontamination shower claim.

On March 21, 2016, Wagner filed this motion to alter or amend judgment, along with his personal Declaration.  ECF 141.

## LEGAL STANDARD

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Wagner's motion was filed within the requisite 28 day period.

A district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002). Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the United States Court of Appeals for the Fourth Circuit has clarified: "Our case law makes clear, however, that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.,* 771 F. Supp. 1406, 1419 (D. Md. 1991).

Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999).  The

decision to grant a Rule 59(e) motion is a matter within the broad discretion of the trial court. *Pac. Ins. Co.,* 148 F.3d at 402. A party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Moreover, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 171 (3d ed. 2012) ("WRIGHT & MILLER") ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied."). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker,* 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co*., 148 F.3d at 403 (citation omitted); *see also* 11 WRIGHT & MILLER § 2810.1 at 156–57 (noting the same).

## DISCUSSION

Wagner asserts that reconsideration is necessary to correct a clear error of law and to prevent manifest injustice. ECF 141 at 3. He presents several claims in support of his motion.

First, Wagner claims that he has been unable to reference the record because "all of his legal material" has been stolen or destroyed by NBCI prison guards, who are named as defendants in this matter. ECF 141 at 1. However, Wagner does not indicate when these materials were confiscated, and his filings contain numerous references to pleadings and exhibits, belying his claim that he was without access to materials in the record. *See*, *e.g.*, ECF 132-1; ECF 134-1; ECF 137. Further, Wagner's motion to alter or amend cites to pleadings by

docket entry number and also references an exhibit by docket entry and page number. ECF 141 at 1-2.  In any event, Wagner is not required to reference or cite to his pleadings in a motion to amend or alter judgment, and has adequately set forth his reasons for reconsideration. Wagner fails to particularize how an alleged lack of access to documents hindered his drafting of the instant motion or warrants reconsideration of the Order of March 8, 2016.

Second, Wagner complains he was not afforded discovery to dispute evidence introduced by defendants with their motions for summary judgment. Under Local Rule 104.4 (D. Md. 2014), discovery does not commence unless ordered by the court, agreed upon by the parties, or a scheduling order has been entered.  Wagner has been informed of this rule on two separate occasions over the course of this proceedings. ECF 72, 131.  A scheduling order has not been entered in this case; I did not order discovery to begin; and the parties have not agreed to discovery.

Wagner was notified pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), that he was entitled to file oppositions with supporting materials in response to defendants' dispositive motions. ECF 107; ECF 119.  I also granted his motion for an extension of time to respond to the State Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment. ECF 126, 131.  Subsequently, Wagner filed an opposition with two personal declarations, the declarations of fellow inmates, and numerous pages of exhibits. ECF 132; ECF 132-2; 132-3, ECF 132-4 (statement of disputed facts and separately filed exhibits).[1] Wagner's exhibits included copies of sick call slips; Division of Correction Directive ("DCD") 110-23, which addresses medical treatment after exposure to chemical agents; declarations from other inmates; his medical records; photographs; Administrative Remedy Procedure ("ARP")

---

[1] Separately filed exhibits are maintained in court files in paper format, and are inaccessible through the electronic record.

requests; and a newspaper article generally pertaining to prison health care. ECF 132-4. Wagner also filed numerous declarations and exhibits in support of his motion for partial summary judgment, including ARP requests; a medical order for front handcuffing; a segregation housing orientation and information manual; inmate declarations; DCD 110-23; the Department of Public Safety and Correctional Services Use of Force Manual; and medical records. ECF 134-3 (Statement of Undisputed Facts and separately filed exhibits).

Wagner argues in the motion to amend or alter judgment that he raised several claims against defendants separate from his claim that he was denied a decontamination shower treatment after chemical exposure, and avers those claims have yet to be adjudicated. ECF 141 at 3. Wagner asserts: "Because neither Defendants or the court addressed all of plaintiff's valid legal claims that were before the court, this court committed 'clear error' and must amend its judgment to 'prevent manifest injustice." *Id*. It is unclear what claims Wagner argues were not considered and adjudicated. Since the time that Wagner filed his Complaint on March 13, 2014, I have considered his motions for preliminary injunctive relief (ECF 5, 52), supplements to the Complaint (ECF 15, 16, 17), motions to amend the Complaint (ECF 33, 34, 73, 77), and defendants' dispositive motions and Wagner's opposition (ECF 44, 49, 50, 75). I have granted in part and denied in part the State and Medical Defendants' dispositive motions (ECF 83) and considered the State and Medical Defendants' renewed dispositive motions and Wagner's opposition and motion for partial summary judgment. ECF 105, 118, 132, 134.

Clear error or manifest injustice occurs where a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ...." *King v. McFadden*, 2015 WL 4937292 * 2 (D.S.C. August 18, 2015) (quoting *Campero USA Corp. v. ADS Foodservice LLC*,

916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted). "In the context of a motion to reconsider, manifest injustice is defined as 'an error by the court that is direct, obvious, and observable.'" *Saunders v. Riverside Regional Jail*, June 14, 2012, 2012 WL 2192262 (E.D. Va. June 14, 2012) (quoting *Register v. Cameron & Barkley Co*., 481 F.Supp.2d 479, 480 n.1 (D.S.C. 2007)).

Wagner's motion to amend presents no facts to suggest clear error or manifest injustice. Instead, this motion attempts to rehash claims already fully considered and adjudicated. Wagner's disagreement with the outcome of the proceedings and the grounds he provides here are insufficient to warrant relief under Rule 59(e). Accordingly, the motion to alter or amend judgment will be denied.

## CONCLUSION

For the foregoing reasons, I shall deny the motion to alter or amend judgment by separate Order, which follows.


March 24, 2016                                  _____/s/_____
Date                                            Ellen L. Hollander
                                                United States District Judge